The Honorable Anthony Hensley State Senator, 19th District 2226 S.E. Virginia Avenue Topeka, Kansas 66605-1357
Dear Senator Hensley:
As Senator for the Nineteenth District you ask whether the Ad Astra funds are "public agencies" as defined by the Kansas Open Records Act (KORA). You also ask whether the Ad Astra funds are subject to the provisions of the Kansas Open Meetings Act (KOMA).
The structure of the Ad Astra funds is complicated. The Kansas Technology Enterprise Corporation (KTEC) has an interest in the Ad Astra funds. KTEC is a statutory creation, which receives and expends and is supported by public funds appropriated by the Legislature. There is some disagreement whether KTEC has been subject to the KORA since its inception, or whether it only became subject to the KORA with the 1995 amendments to K.S.A.74-8113. See, L. 1995, Ch. 255, § 6 (now K.S.A. 1996 Supp. 74-8113). For purposes of this opinion we will assume, without deciding, that KTEC has always itself been subject to the KORA, because it makes no difference for the ultimate conclusion we reach.
KTEC was created in 1986. See, L. 1986, Ch. 284, § 4 (now K.S.A. 1996 Supp. 74-8101).
In order to achieve its statutory mandate under K.S.A. 74-8102 to foster innovation in existing and new businesses which develop value-added products, the Legislature granted KTEC the authority to "engag[e] in seed-capital financing for the development and implementation of innovations or new technologies for existing resource, technology-based and emerging Kansas businesses. . . ." K.S.A. 74-8102(b)(3). KTEC's specific powers include authority to do the following:
 "[T]rade, buy or sell qualified securities, including without limitation, the powers to guarantee, purchase, take, receive, subscribe for or otherwise acquire; to own, hold, use or otherwise employ; to sell, lease, exchange, transfer or otherwise dispose of; to mortgage, lend, pledge or otherwise deal in and with, qualified securities issued by any other domestic or foreign corporation, partnership, association, limited liability company, or business trust, whether or not such issuer was organized or caused to be organized by the corporation. The corporation, while owner of any such qualified securities, may exercise all of the rights, powers and privileges of ownership, including without limitation the right to vote. . . ." K.S.A. 74-8104(q)(15). See also K.S.A. 74-8109.
We base this opinion on oral and written information provided to us by representatives of KTEC and the Ad Astra funds. We have also relied on KTEC's annual report and on public records from the Secretary of State's office. According to that information, KTEC determined that it wanted to accomplish seed capital financing through investing in limited partnerships organized as Kansas venture capitol companies, K.S.A.74-8301 et seq.
KTEC formed a wholly owned holding company called KTEC Holdings, Inc. KTEC approached Sam Campbell, a private venture capitalist, to establish Ad Astra Partnerships.
KTEC Holdings, Inc., became one of a number of limited partners in Ad Astra Fund in 1988, and in Ad Astra Fund II in 1994. The general partners of both Ad Astra funds are another limited partnership — Technology Partners, L.P. KTEC Holdings, Inc. is the only limited partner in Technology Partners and Sam Campbell is the general partner. The funds are actually managed by Campbell-Becker, Inc., which was hired pursuant to contract to provide management services.
K.S.A. 1996 Supp. 45-217(e)(1) defines a "public agency":
 "Public agency" means the state or any political or taxing subdivision of the state or any office, officer, agency or instrumentality thereof, or any other entity receiving or expending and supported in whole or in part by the public funds appropriated by the state or by public funds of any political or taxing subdivision of the state."
K.S.A. 1996 Supp. 45-217(e)(2) contains specific exclusions from the definition of public agency, including an exclusion for:
 "(A) Any entity solely by reason of payment from public funds for property, goods or services of such entity. . . ."
We believe that the definition of a public agency can be broken down into two alternative parts to test if the definition applies to the Ad Astra funds. A public agency is either
 1) the state or any political or taxing subdivision of the state or any office, officer, agency or instrumentality thereof, or
 2) any other entity receiving or expending and supported in whole or in part by public funds appropriated by the state or by public funds of any political or taxing subdivision of the state.
The Ad Astra funds are not the State or political or taxing subdivisions of the State — they are private limited partnerships. Ad Astra Fund is a Delaware limited partnership and Ad Astra Fund II is a Kansas limited partnership. The only possible argument that they meet the first test would be that the funds are an "agency or instrumentality" of the State. KTEC Holdings, Inc.'s only interests in the funds are as limited partners, and limited partners do not participate in the control of a business. See K.S.A.56-1a203. Based on KTEC's limited interests in the funds, and from the materials and information which we have been presented by representatives of both KTEC and the Ad Astra funds, we see no evidence which would lead us to describe either of the Ad Astra funds as an alter ego of KTEC. We do not believe that the funds are a public agency within the first test.
As to the second test, the Ad Astra funds did receive public monies in the form of an investment by KTEC through KTEC Holdings, Inc. The money that KTEC invested through KTEC Holdings, Inc. was economic development initiative funds (EDIF), appropriated by the Legislature to KTEC. See, e.g., L. 1987, Ch. 37, § 15. In Ad Astra Fund, KTEC's initial investment was $1.8 million, with no subsequent investments by KTEC. KTEC's initial investment in Ad Astra Fund II was $1.4 million. KTEC later invested an additional $1.5 million in Ad Astra Fund II. Numerous private investors have invested $800,000 in Ad Astra Fund, and $2.9 million in Ad Astra Fund II. However, to conclude that an investment in a company by a branch of government would bring the company under KORA's mandates would lead to untenable results. An analogy would be if the Kansas Public Employees Retirement System bought shares of a major corporation, such as Intel. Intel would doubtless be quite surprised to learn that it was suddenly subject to the KORA. We believe that the word "receive" in the second part of this test was not intended to include investments by governmental entities, without additional facts and circumstances which would trigger the KORA. Rather, this appears to fall under the exception for payment for services.
We also note that the later part of the second test limits its application to those situations in which the funds are "appropriated by the state" or by "public funds of any political or taxing subdivision of the state" to the entity. The State of Kansas never appropriated money to the Ad Astra funds. The EDIF funds were appropriated to KTEC, KTEC then invested the money with the Ad Astra funds. Nor is KTEC a political or taxing subdivision.
It has no taxing authority. As to being a political subdivision, we said in Attorney General Opinion No.95-67 that a certain entity was not a political subdivision for the following reasons:
 "It has no territorial boundaries, does not enact laws, has no taxing authority, exercises no sovereign powers and otherwise lacks most common indicia of a political subdivision."
KTEC lacks all these characteristics. Thus, we do not believe it is a "political subdivision" of the state. See also Attorney General Opinion No. 97-42.
Because the Ad Astra funds do not meet any of the parts of the definition of a public agency, we are of the opinion that they are not public agencies for purposes of the KORA.
Next you ask whether the Ad Astra funds are subject to the Kansas Open Meetings Act (KOMA). The KOMA applies to:
 "[A]ll legislative and administrative bodies and agencies of the state and political and taxing subdivisions thereof, including boards, commissions, authorities, councils, committees, subcommittees and other subordinate groups thereof, receiving or expending or supported in whole or in part by public funds. . . ." K.S.A. 75-4318.
The Ad Astra funds are neither a legislative nor an administrative body or agency of either the State or any political or taxing subdivision. The only argument for coverage by the KOMA would be if the funds were some sort of subordinate group to the KTEC Board.
In Memorial Hosp. Ass'n Inc. v. Knutson, 239 Kan. 663
(1986), the Court discussed KOMA's application to subordinate groups:
 "Whenever a body or group has in any way derived the authority for its existence from a legislative or administrative agency, that body or group so created is also subject to the open meetings act.
. . . .
 "Courts have found two types of entities, whatever form they may take, which are not subject to the open meetings laws: (1) those which are merely advisory and have no decision-making authority, and ((2) those which are basically independent entities which have some connection, by contract or other tie to a government entity, but are not actually created by some form of government action."
 "Where it can be shown that a public body has intentionally, and for the purpose of avoiding the light of public scrutiny, appointed a board of non-elected citizens to determine for the elected board what course should be pursued, or where the actions of the private citizens are in any way binding upon the elected officials, the meetings of such groups should be open to public scrutiny. Public bodies cannot be allowed to do indirectly what the legislature has forbidden." 239 Kan. at 670-71.
The Ad Astra funds were not created by government action. KTEC, through KTEC Holdings, Inc., is merely an investor and a limited partner in such funds. As under the KORA, the funds cannot be described as an alter ego of KTEC, because KTEC's only interests, through KTEC Holdings, Inc., are as a limited partner, KTEC is not in control of the funds. We see the funds as basically independent entities which have some connection by contract to a governmental entity, but nothing more. We do not believe the funds are subject to the KOMA.
In summary, KTEC's interests in the Ad Astra funds is as a limited partner only. The funds are not subordinate to KTEC. Although the funds did receive moneys from KTEC as an investment, it did not receive the funding in a manner sufficient to trigger the KORA. It is our opinion that the Ad Astra funds are not subject to the KORA or the KOMA.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Steve Phillips Assistant Attorney General
CJS:JLM:SP:jm